**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARY LEONOR CHILIQUINGA SIGCHO,

     Petitioner,

v.

                                   Case No. 2:26-cv-00137-MIS-JFR

DORA CASTRO, Warden, Otero County
Processing Center; MARY DE ANDA
YBARRA, Field Office Director, El Paso
Field Office, United States Immigration and
Customs Enforcement; TODD M. LYONS,
Acting Director, United States Immigration
and Customs Enforcement; KRISTI NOEM,
Secretary of Homeland Security; and
PAMELA BONDI, United States Attorney
General, *in their official capacities*,

     Respondents.

**ORDER DENYING MOTION FOR APPLICATION FOR FEES PURSUANT TO THE**
**EQUAL ACCESS TO JUSTICE ACT**

THIS MATTER is before the Court on Petitioner's Motion for Application for Fees

Pursuant to the Equal Access to Justice Act ("Motion"), ECF No. 18, filed May 20, 2026.

Respondents filed a Response on June 2, 2026, ECF No. 19, to which Petitioner filed a Reply on

June 16, 2026, ECF No. 21.  Upon review of the Parties' submissions, the record, and the relevant

law, the Court will **DENY** the Motion.

**I.**      **Background**

Petitioner is a citizen of Ecuador who has lived in the United States since September 2020.

Id. ¶ 27.  On Thursday, January 8, 2026, Petitioner was working to fix her vehicle in her garage

when U.S. Immigration and Customs Enforcement Agents arrested her.  Id. ¶ 32.  Petitioner was

later transferred to the Otero County Processing Center in Chaparral, New Mexico.  Id. ¶ 35.

On January 23, 2026, Petitioner, through counsel, filed a Verified Petition for Writ of Habeas Corpus ("Petition").  ECF No. 1.  On February 19, 2026, Respondents filed a Response. ECF No. 10.

On February 20, 2026, the Court issued an Order granting the Petition finding that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she was entitled to habeas relief.  ECF No. 11 at 2.  The Court further found that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore ordered her immediate release.  Id. at 2-3.  The same day, the Court entered Final Judgment in favor of Petitioner and against Respondents.  ECF No. 12.

On April 21, 2026, Respondents filed a Notice of Appeal, ECF No. 14, but later moved to dismiss the appeal, see Order Granting Motion to Dismiss Appeal, ECF No. 17-1.  On April 29, 2026, the Tenth Circuit granted the motion to dismiss, id., and issued its Mandate, ECF No. 17.

On May 20, 2026, Petitioner filed the instant Motion seeking an award of attorneys' fees under the Equal Access to Justice Act ("EAJA").  ECF No. 18.  Petitioner attached to the Motion an "Application for Fees Pursuant to the Equal Access to Justice Act" (collectively, "Motion"),[1] ECF No. 18-1, and the Declaration of Petitioner's attorney, Shashi K. Gowda, in support of the Motion ("Gowda Decl."), ECF No. 18-2.

On June 2, 2026, Respondents filed a Response to the Motion.  ECF No. 19.

Also on June 2, 2026, the Court issued an Order to Supplement.  ECF No. 20.  Therein, the Court observed that Petitioner's Motion does not argue or establish that she meets the EAJA's "net

---

[1]    The Motion is two sentences long.  ECF No. 18.  The Application is essentially a memorandum in support of the Motion.  ECF No. 18-1.

worth" eligibility requirement.  Id.  The Court provided Petitioner two weeks "to file a Reply establishing that she is eligible for a fee award under the EAJA's 'net worth' provision."  Id.  The Order also provides Respondents an opportunity to dispute Petitioner's eligibility under the "net worth" provision.  Id.

On June 16, 2026, Petitioner filed a Reply stating that "[a]t the time the civil action was filed, Petitioner did not have a net worth in excess of $2,000,000.  Accordingly, Petitioner is a 'party' within the meaning of 28 U.S.C. § 2412(d)(2)(B)(i) and is eligible for a fee award under the Equal Access to Justice Act."  ECF No. 21.  She provided no evidence in support of this assertion.

## II.    Legal Standard

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention."  Daley v. Ceja, 158 F.4th 1152, 1166 (10th Cir. 2025).  To be eligible for an EAJA fee award, an individual cannot have a net worth exceeding $2,000,000 at the time the civil action is filed, 28 U.S.C. § 2412(d)(2)(B), and must file the application for attorneys' fees within thirty days of final judgment, 28 U.S.C. § 2412(d)(1)(B).  If the individual meets the eligibility requirements, "a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."  Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).  The petitioner bears the burden of proving that they are the prevailing party and eligible to receive an award.  28 U.S.C. § 2412(d)(1)(B); Scarborough v. Principi, 541 U.S. 401, 414 (2004).  The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an award unjust.  See Hackett, 475 F.3d

at 1170; <u>Ericksson v. Comm'r of Soc. Sec.</u>, 557 F.3d 79, 81-82 (2d Cir. 2009); <u>Love v. Reilly</u>, 924 F.2d 1492, 1495 (9th Cir. 1991).

**III.     Discussion**

Having been granted habeas relief, Petitioner now seeks an award of attorneys' fees and costs under the EAJA.  Mot. at 1; Application at 1-5.  Respondents argue that the Motion should be denied because Respondents' position was substantially justified, ECF No. 19 at 2-4, and special circumstances would render a fee award unjust, <u>id.</u> at 4-5.  Because Petitioner failed to establish that she is eligible for a fee award under the EAJA, the Court will deny Petitioner's Motion.

First, the Court will assume without deciding that the Motion is timely because it was filed within thirty days of the Tenth Circuit's Mandate dismissing the appeal, ECF No. 17, 17-1.  <u>See</u> <u>Osuna v. Francis</u>, No. 25-CV-9823, 2026 WL 456891, at *1 (S.D.N.Y. Feb. 18, 2026) (" If the government chooses to appeal th[e] final judgment, the time to file an application for fees under the EAJA begins to run following the final disposition of that appeal." (citing <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 102 (1991)).

However, Petitioner failed to establish that she is eligible for an EAJA fee award under the "net worth" provision.  Although courts disagree as to how an applicant can establish her evidentiary burden of proving the net worth requirement, <u>compare</u> <u>D'Amico ex rel. N.L.R.B. v. Indus. Union of Marine and Shipbuilding Workers of Am., AFL-CIO</u>, 630 F. Supp. 919, 922 (D. Md. 1986) (finding that where the government does not genuinely contest whether the applicant is eligible under the EAJA's net worth provision, "an applicant's affidavit which indicates eligibility should be sufficient to meet the applicant's burden"), <u>with</u> <u>Fields v. United States</u>, 29 Fed. Cl. 376, 382 (Fed. Cl. 1993) (disagreeing with <u>D'Amico</u> and finding that "[a] conclusory affidavit without supporting evidence is inadequate to establish" the net worth requirement), it appears that all courts

require <u>some</u> evidence supporting the net worth eligibility requirement—including the Tenth Circuit.  <u>See</u> <u>Shooting Star Ranch, LLC v. United States</u>, 230 F.3d 1176, 1178 (10th Cir. 2000).

Here, Petitioner submitted <u>no</u> evidence of her net worth, even after the Court invited her to.  The Motion, Application, and attorney Gowda's Declaration say nothing about Petitioner having a net worth below $2,000,000 at the time the action was filed.  <u>See</u> ECF Nos. 18, 18-1, 18-2.  Thus, the Court issued an Order to Supplement inviting Petitioner "to file a Reply establishing that she is eligible for a fee award under the EAJA's 'net worth' provision."  ECF No. 20.  Petitioner filed a Reply stating that "[a]t the time the civil action was filed, Petitioner did not have a net worth in excess of $2,000,000[,]" ECF No. 21 at 1, but again provided no <u>evidence</u> of it.  Consequently, Petitioner failed to carry her burden of proving that she is eligible for an EAJA fee award.  <u>See</u> <u>Shooting Star Ranch</u>, 230 F.3d at 1178 (affirming the district court's order denying a motion for attorneys' fees and costs under the EAJA because "plaintiff has failed to produce even an affidavit in the district court on an issue on which it had the burden of proof").

## IV.     Conclusion

Therefore, it is **HEREBY ORDERED** that Petitioner's Motion for Application for Fees Pursuant to the Equal Access to Justice Act, ECF No. 18, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE